# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEE INDUSTRIES,**

                                **Plaintiff,**

-vs-                                                        Case No.  **6:05-cv-1520-Orl-31DAB**

**DOW CHEMICAL COMPANY,**

                                **Defendant.**

_____

## ORDER

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RECONSIDERATION OF NOVEMBER 14, 2007 ORDER (Doc.  No.  76)** |
| **FILED:** | **November 21, 2007** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

        "A motion for reconsideration must do two things.  First, it must demonstrate some reason

why the court should reconsider its prior decision.  Second, it must set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision.  Courts have distilled three major

grounds justifying reconsideration:  1) an intervening change in controlling law; 2) the availability

of new evidence; and 3) the need to correct clear error or manifest injustice."  *Cover v.  Wal-Mart*

*Stores, Inc.*  148 F.R.D. 294, 295 (M.D. Fla.  1993).  As Plaintiff has failed to meet this standard, the

motion is denied.

Although Plaintiff couches its motion as necessary "to avoid a manifest injustice," neither the motion nor the Declaration of Plaintiff's counsel establish any grounds for such a claim. Plaintiff merely reiterates its prior (unsuccessful) position that Dow is responsible for Plaintiff's failure to timely complete discovery. As pointed out by the Court in its Order:

> Although Plaintiff's counsel complains at great length of alleged obstructionist tactics of defense counsel, no timely motion to compel or for similar relief was ever filed with the Court following the July discovery hearing. If Defendant was as uncooperative as claimed, Plaintiff's remedy was to seek the Court's assistance.

(Doc. No. 75). In its motion, counsel attempts to explain his failure to do anything about the alleged foot-dragging, with the inexplicable and unsupportable assertion that: "Plaintiff submits court assistance could not hurry the supplemental production, nor compel Dow's counsel to respond to requests for deposition." (Doc. No. 76, footnote 1).

As this Court recently noted, in addition to jurisdiction to issue Orders compelling discovery, "[t]he district court has broad discretion to fashion appropriate sanctions for the violation of discovery orders." *See In re Seroquel Products Liability Litigation*, 244 F.R.D. 650, 656 (M.D. Fla. 2007), *citing United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir.1997); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997) ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices."). *See also* Rules 26 and 37, Federal Rules of Civil Procedure, and Local Rule 3.04. The Court assures Plaintiff's counsel that, indeed, the Court is well equipped to order that discovery be had and to enforce that Order, if need be. The fact remains that the Court was readily available to deal with any discovery issue, but Plaintiff simply failed to complain until *after* discovery had closed.

In view of Judge Presnell's prior admonition that any future extensions of the discovery deadline were highly unlikely, echoed by this Court at hearing, counsel's failure to complete all discovery by the deadline, with or without court assistance, cannot be laid at Dow's door.  There is nothing unjust about leaving Plaintiff's counsel exactly where he placed himself.

That said, there is still the matter of Dow's conduct in this regard.  Having reviewed the Declarations and the attached papers, the Court finds insufficient reason to sanction Dow's counsel and the Order to Show Cause is thus **discharged.**

A final word is in order.  While the Court declines to sanction either side, no one has anything to be proud of in the conduct of this litigation to date.  While the Court is still unclear as to the merits of converting what is essentially a Rule 11 motion into a separate litigation, the tone of the parties' papers has been anything but admirable.  Nor is the Court overly impressed by the numerous justifications and excuses for failing to fully cooperate and complete all discovery in a timely manner.  Appearances at seminars, vacations, and "horrific" trial schedules are not unusual in the life of any successful attorney, and proper case and time management is essential in assuring that the needs of the client and the court are met while the attorney is temporarily unavailable.  If, in fact, an attorney is truly unavailable to attend to a case for weeks or months on end, there is an ethical obligation to either secure substitute counsel or make other appropriate arrangements.  In any event, neither the demands of practice nor the circumstances of this case provide any justification for the hostility and lapses in courtesy that have occurred here.  The Court trusts that the case will go forward without any further aspersions cast by either side.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2007.

*David A. Baker*
_____

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record