**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MEE INDUSTRIES,

               **Plaintiff,**

-vs-                                 **Case No.  6:05-cv-1520-Orl-31DAB**

DOW CHEMICAL COMPANY,

               **Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 81) and Plaintiff's Response thereto (Doc. 93).

## I. Background

Plaintiff brings this action alleging one count of malicious prosecution against Defendant Dow Chemical Company ("Dow"). (Doc. 2). The previous litigation between the parties that gives rise to this claim can be found at *Dow Chemical Company v. Mee Industries*, Case No. 6:00-cv-437-ORL-31DAB ("the Previous Litigation"). The following statement of facts is taken primarily from an Order issued by this Court in the Previous Litigation on February 18, 2004. *See* Case No. 6:00-cv-437-ORL-31DAB at Doc. 299.

On April 5, 2000, Dow filed suit for infringement of U.S. Patent No. 5, 867,977 ("the '977 patent") and U.S. Patent No. 5,930,990 ("the '990 patent") against Mee Industries ("Mee") and Florida Power Corporation ("Florida Power").   The Court held a six-day bench trial from December 10, 2001, until December 18, 2001. On September 19, 2002, this Court issued a

Memorandum Opinion finding as follows:  1) claims 14-16 and 21-24 of the '977 patent, and

claim 30 of the '990 patent are invalid as obvious; and 2) neither Mee nor Florida Power infringed

claims 14-16, 21-24, 35 and 37-38 of the '977 patent, or claims 16, 30, and 55 of the '990 patent.

Thereafter the Court entered judgment in favor of Mee and Florida Power.  On October 11, 2002,

this Court issued an Order denying Mee's application for attorney's fees, finding that this case did

not qualify as "exceptional" under 35 U.S.C. § 285.

Dow filed a timely appeal on November 6, 2002, and on September 26, 2003, the Federal

Circuit issued as a mandate its Judgment affirming in part, reversing in part, vacating in part, and

remanding as follows:

> 1) affirming the judgment of invalidity of claims 14-16, 21, and 22 of '977, and
> claim 30 of the '990 patent;
> 2) reversing the judgment of invalidity of claims 23 and 24 of the '977 patent;
> 3) affirming the judgment of no direct infringement by Mee or Florida Power as
> regards claims 23 and 24 of the '977 patent; and
> 4) vacating and remanding for further proceedings as to contributory infringement
> and inducement to infringe claims 23 and 24 of the '977 patent by Mee.[1]

On remand, Mee and Dow filed briefs and reply briefs, and the Court heard oral argument

on February 6, 2004. This Court then issued a written Order on February 18, 2004, holding that

Mee was not liable for contributory infringement or inducement to infringe because Dow had

failed to present evidence of direct infringement by Mee's customers. This Court further held that

Dow was to take nothing against Mee and that Dow's claims against Mee were dismissed.

---

[1]In addition, the Federal Circuit held that this Court erred in concluding that Dow did not meet
its burden to establish damages because it failed to provide expert testimony on the damages issue.
This Court bifurcated the damages issue to be considered at a later time if necessary.

On February 20, 2004, this Court entered an Order, *sua sponte*, holding that "Dow shall pay Mee the costs it incurred in defending the post-remand claims of contributory infringement and inducement to infringe." *Dow Chemical Co. v. Mee Industries*, Case No. 6:00-cv-137-ORL-31DAB at Doc. 300. The parties were instructed to submit briefs regarding the amount of said fees and costs and, after considering those briefs, this Court entered an Order on April 12, 2004 directing Dow to pay Mee $85,138.00 in fees and costs. *See* Case No. 6:00-cv-137-ORL-31DAB at Doc. 306.

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. .*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25;

*Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

## III. Legal Analysis

> In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

"[T]he failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id*. This Court finds, for purposes of the instant motion, that the first three elements have been satisfied and are not in dispute. Furthermore, Defendant makes no argument

regarding the fourth element, probable cause, in its motion. Therefore, only elements 5 and 6 will

be discussed herein.

*A. Malice*

In an action for malicious prosecution it is not necessary for a plaintiff to prove actual
malice; legal malice is sufficient and may be inferred from, among other things, a lack of
probable cause, gross negligence, or great indifference to persons, property, or the rights of
others.

*Id.* at 1357.

First, Dow argues that this issue is barred by *res judicata* because of this Court's holding

that the Previous Litigation was not an "exceptional case" which entitled Mee to attorney's fees

under 35 U.S.C. § 285. In ruling on the issue of attorney's fees in the Previous Litigation, this

Court stated that

The Defendants contend that attorney's fees are warranted based on (1) Dow's bad faith in
maintaining this suit, despite invalidating prior art and the lack of infringement, and (2)
Dow's conduct during discovery which served to conceal its infringement theories. With
respect to the latter contention, Dow made a tactical decision before trial to rely upon its
expert reports in support of its infringement claims. While this tactic may have been
ill-advised, it does not, in the Court's view, rise to the level of bad faith. Similarly,
although the Court ultimately concluded that certain claims were invalid and that
Defendants had not infringed, there is no clear and convincing evidence that Plaintiff
prosecuted this case in bad faith.

(Doc. 81-6 at 24) (emphasis added).

This Court finds that the standard of proof applied in its previous order is different from

the standard to be applied here.[2] Whether a case qualifies as exceptional under 35 U.S.C. § 285 is

governed by the standard established by the patent statute, as construed by relevant Federal case

___

[2]*But see McNeil-PPC, Inc. v. Proctor & Gamble Co.*, 138 F.R.D. 136, 137 (D. Colo. 1991)
(stating without explanation that "[t]he doctrine of 'exceptional case' is equivalent to a charge of
"malicious prosecution."").

law – clear and convincing evidence. *See Carroll Touch, Inc. V. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1584 (Fed. Cir. 1993). Malicious prosecution, however, is a tort governed by state law that requires proof of malice by a preponderance of the evidence. Therefore, this claim is not barred by *res judicata*.

Next, Dow argues that "Mee is foreclosed by *res judicata* from now asserting that Dow's offer of a license was anything other than demonstrative of Dow's good faith and lack of malice, where, at trial, after Dow's counsel argued that Mee had no evidence of patent misuse, Mee agreed to dismiss such defense '*with prejudice*'". (Doc. 81 at 20)(italics in original). However, this Court finds this argument to be without merit. This Court never held, and Mee never conceded, that Dow's offer of a license to Mee was conclusive evidence of Dow's good faith. Therefore, this Court finds that Dow is not entitled to summary judgment on the issue of malice.

*B. Damage*s

Mee seeks the following damages in this litigation: (1) the costs and fees incurred in defending itself in the Previous Litigation; (2) the loss of proceeds of its sale of stock to Munters Corporation; and (3) punitive damages.[3] (Doc. 93 at 5).

First, Dow argues that Mee is not the real party in interest with regard to the second element of damages sought. (Doc. 81 at 12). This Court agrees with Dow's statement that "Mee lacks standing to recover damages allegedly suffered by the Mee shareholders as a result of the loss of the [sale of stock to Munters]." (Doc. 81 at 12).  As evidenced by the letter of intent,

---

[3]It is questionable whether Plaintiff will ultimately be permitted to recover punitive damages, as it appears that this is the first time there has been any mention of such damages being sought in this action. However, that matter need not be decided at this stage.

addressed to Thomas Mee, the offer in question was to buy stock in Mee from "Mr. Mee and Ms. Murray". (*See* Doc. 81 at Exh. BB) (which Defendant failed to file electronically).  Therefore, only Mr. Mee and Ms. Murray stood to gain from this sale and Mee has no standing to seek damages from the cancellation of such sale.[4] While this Court will not grant summary judgment on this one issue of damages, the parties are advised that this discussion constitutes a decision on the merits with regard to Plaintiff's entitlement to damages from the loss of this sale of stock.

Dow's second argument relates only to claims for damage to due lost sales, which it appears Plaintiff has abandoned. Therefore this issue will not be addressed.

Finally, Dow argues that Mee is barred by *res judicata* from recovering legal fees incurred in the Previous Litigation. Again, this argument fails for the reasons stated above. Because Plaintiff has presented evidence of damages in the form of attorney's fees, Defendant is not entitled to summary judgment.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4]Mee requests that the Court grant leave for Plaintiff to amend the complaint and add Mr. Mee and Ms. Murray to this action. (Doc. 93 at 12). However, any action by these individuals for malicious prosecution would be subject to dismissal because they were not parties to the Previous Litigation. Therefore, the requested leave will not be granted.