**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MEE INDUSTRIES,**

                  **Plaintiff,**

**-vs-**                                              **Case No. 6:05-cv-1520-Orl-31DAB**

**DOW CHEMICAL COMPANY,**

                  **Defendant.**

## ORDER

This matter comes before the Court on the Motions *in limine* (Doc. 122-130) filed by the Plaintiff, Mee Industries ("Mee") and the Motion to Strike Plaintiff's Motions in Limine (Doc. 134) filed by the Defendant, Dow Chemical Company ("Dow").

**I.    Standard**

The term "*in limine*" has been defined as "on the threshold; at the very beginning; preliminarily." *Luce v. U.S.*, 469 U.S. 38, 40, 105 S.Ct. 460, 462, 83 L.Ed.2d 443 (1984) (citing Black's Law Dictionary 708 (5th ed. 1979)). A motion *in limine* seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or even mentioning it at trial, without first having its admissibility determined outside the presence of the jury. 75 Am. Jur. 2d Trial § 39 (2008). A motion *in limine* may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the

movant does not wish to object in the presence of the jury.  *Id.*  Motions *in limine* are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial.  *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843 at *1 (M.D.Fla. 2007).  Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.  *Id.*  Denial of a motion *in limine* does not insure that the evidence contemplated by the motion will be admitted at trial.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context.  *U.S. v. Connelly*, 874 F.2d 412, 420 (7th Cir. 1989).  A district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling, even if nothing unexpected happens at trial.  *Luce*, 469 U.S. at 41, 105 S.Ct. at 463.

**II.     Application**

Three of the motions (Doc. 124, 125, and 128) seek to preclude Dow from raising certain objections to evidence Mee hopes to introduce or arguments Mee hopes to make.  As such, they are not properly motions *in limine*.  Similarly, Doc. 127 raises a legal issue (regarding the probable cause requirements of Mee's malicious prosecution claim) rather than an evidentiary issue.  Doc. 122 (27 pages) and Doc. 123 (10 pages) are a single motion split into two parts that together vastly exceed the applicable page limit.  Doc. 126 and Doc. 130 seek to prohibit Dow from introducing certain categories of documents without any showing that Dow intends to introduce such documents.  In Doc. 129, Mee seeks authorization to use, at trial, transcripts of depositions conducted in the underlying action.  However, Mee fails to make a showing that the witnesses will be unavailable to testify or that any of the exceptions to the hearsay rule would apply to their deposition transcripts.  Mee does allege that one deponent – "William Zachary" – is dead and

therefore unavailable, but the list of individuals whose transcripts Mee seeks to use does not include anyone by that name.  (The list includes two men with the first name of "William" and one with the last name of "Zachary.")

In its motion, Dow objects to Mee's efforts to evade the page count limits.  (Doc. 134).  In light of the conclusions reached above, the Court will deny Dow's motion as moot.  Beyond this, the Court notes that Mee's motions not only violate the rules with regard to page limitations, a review of their content demonstrates that they are entirely without merit and appear consistent with a "scorched earth" trial strategy.  The motions serve no purpose other than to waste the time of this Court and cause the opposing party to expend unnecessary litigation costs.  The Court will no longer tolerate such practices, and further occurrences will likely result in sanctions.

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motions *in limine* (Docs. 122-130) filed by the Plaintiff, Mee Industries, are **DENIED**.  In addition, the Motion to Strike Plaintiff's Motions in Limine (Doc. 134) filed by the Defendant, Dow Chemical Company, is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 27, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party