# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEE INDUSTRIES,**

                **Plaintiff,**

**-vs-**                                         **Case No.  6:05-cv-1520-Orl-31DAB**

**DOW CHEMICAL COMPANY,**

                **Defendant.**

_____

# ORDER

This dispute has endured through eight years of fervent litigation, two lengthy trials, and thousands upon thousands of billable hours for the platoon of lawyers it has involved.  In the first set of proceedings, the Defendant, Dow Chemical Company ("Dow"), unsuccessfully accused the Plaintiff, Mee Industries, of infringing its patent.  In these proceedings, Mee Industries prevailed on its claim that the patent infringement case was a malicious prosecution.  Prior to the second trial, the parties stipulated that if the jury found in favor of the Plaintiff, the damages would consist of $2.85 million in attorney's fees and costs Mee Industries incurred in defending the first action.  After that trial resulted in a verdict for the Plaintiff, the Court requested that the parties attempt to agree as to the amount of prejudgment interest due on the $2.85 million.

As the discerning reader has no doubt surmised, the Court's optimism on this score was misplaced.

**I.     Standards**

In diversity cases, such as the instant malicious prosecution case, the availability and amount of prejudgment interest is ordinarily governed by state law. *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (*citing Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066-67 (11th Cir. 1996)). Under Florida law, prejudgment interest is merely another element of pecuniary damages. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214 (Fla. 1985). Under the "loss theory" followed by Florida Courts,

> neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor.

*Id.* at 215. However, this general rule is not absolute. Interest is awarded in response to considerations of fairness, and is to be denied "'when its exaction would be inequitable.'" *Broward County v. Finlayson*, 555 So. 2d 1211, 1213 (Fla. 1990) (quoting *Flack v. Graham*, 461 So. 2d 82, 84 (Fla. 1984)).

**II.    Application**

Dow challenges not only the amount of prejudgment interest to be awarded, but also the entitlement to such interest on the part of Mee Industries. Dow relies primarily on what it refers to as the "remarkably similar" case of *Yusem v. Butler*, 966 So.2d 405 (Fla. 4th DCA 2007), *review granted*, *Butler v. Yusem*, 2008 WL 2456283 (Fla. May 19, 2008). *Yusem* was the culmination of twenty years of litigation involving (among others) the former participants in a limited partnership. *Id.* at 407. Butler, the former limited partner, sued Yusem, a former general partner, for breach of the limited partnership agreement and a separate guaranty agreement. *Id.* at 408. Both agreements

provided that in litigation related to the agreement, the prevailing party could recover attorney's fees. *Id.* After a bench trial, the court ruled that Yusem was liable under one or both of the agreements for attorney's fees incurred by Butler in previous litigation with the FDIC, to which Yusem was not a party. *Id.* at 411. The Fourth District Court of Appeals found that Butler was not entitled to prejudgment interest on the attorney's fees from the FDIC litigation. *Id.* at 413. The appellate court reasoned that Butler did not become the prevailing party for purposes of attorney's fees until the entry of final judgment by the trial court, and therefore there was no "prejudgment" period during which Butler should have earned interest on the fees. *Id.* at 414.

In reaching this conclusion, the *Butler* court relied on *Quality Engineered Installation, Inc. v. Higley South, Inc.*, 670 So. 2d 929 (Fla. 1996). In particular, the *Butler* court cited to the *Higley* court's holding that prejudgment interest is to be awarded on attorney's fees as accrued "from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." *Higley* at 930-931. The *Higley* court reversed decisions of the Second and Fourth District Courts of Appeal, which had held that prejudgment interest was never added to attorney's fee awards; those courts reasoned that prejudgment interest is intended to compensate a party for out-of-pocket pecuniary damages, and attorney's fees are litigation costs, not damages. *Id.* at 930.

The Court finds the *Yusem* decision inapposite to the circumstances of this case. Even though some of the fees at issue in that case were incurred, as here, in prior litigation, the *Yusem* court's reliance on *Higley* suggests that it saw the issue as one of entitlement to interest on attorney's fees *as attorney's fees* rather than interest on attorney's fees *as damages.* In the context of a malicious prosecution suit, there is no basis for treating previously incurred attorney's fees as

anything other than the more traditional forms of damages. *See, e.g., Tidwell v. Witherspoon*, 21 Fla. 359 (1885) (stating that in an action for malicious prosecution, "the plaintiff is entitled to recover damages ... for the expenses of his defense"). As such, pursuant to *Argonaut*, Mee is entitled to prejudgment interest from the dates upon which those defense expenses were incurred.[1]

Mee seeks to recover interest from the date of each invoice for fees and costs it received in regard to the previous litigation. Dow takes issue with this, contending that Mee is only entitled to recover interest from the date it demanded Dow pay its fees (*i.e.*, the date upon which it filed the instant malicious prosecution action) or, alternatively, the date it actually paid the subject invoices. Dow points to a number of cases that allegedly stand for the former proposition – *i.e.*, that a formal demand is required to start the interest clock ticking. However, these cases are distinguishable from the case at bar. For example, Dow relies on *Broward County v. Finlayson*, 555 So. 2d 1211 (Fla. 1990), in which the county had engaged in months of negotiations with a group of emergency medical technicians ("EMTs") that established a 56-hour week as their base work week and providing overtime pay for EMTs working hours beyond this. On June 17, 1980, three months after the negotiations concluded, the EMTs switched positions, arguing that their regular work week had been forty hours a week and demanding overtime pay for all hours over forty they had worked during the period prior to the negotiations. *Id.* at 1212. The EMTs eventually prevailed on their overtime claim, and the trial court awarded prejudgment interest from the date the overtime pay was earned. *Id.* at 1213. The Florida Supreme Court partially reversed, finding that

---

[1] In addition, the Court notes that the refusal to award prejudgment interest on the attorney's fees was one of the two alleged errors raised by Butler in his petition for review, which the Supreme Court has accepted. (Jurisdictional brief of Petitioner, Robert T. Butler, 2007 WL 4648945 (Fla. Dec. 2007)).

it would not be fair to allow the EMTs to recover prejudgment interest for the period when they were negotiating on the basis of a 56-hour work week. *Id.* at 1214. In the words of the Court:

> Until June 17, 1980, the county was never aware that the EMTs believed they were entitled to sixteen hours' of overtime a week. Given the circumstances in this cause, we find that it would be inequitable to allow recovery of prejudgment interest prior to the time of the first claim for overtime pay.

In other words, *Finlayson* does not stand for the proposition advanced by Dow, that a court cannot award prejudgment interest until a demand for payment is made. Rather, *Finlayson* stands for the well-settled proposition that an award of prejudgment interest is subject to modification for the sake of equity. In this case, Mee Industries has not altered its position or otherwise done anything to warrant delaying the accrual of interest.

As for Dow's alternative argument, it relies on evidence that never made it into the record: the dates of the checks used to pay the invoices, which the Court has not seen. In this case, the Court finds that the date of the invoice is the most appropriate date to use as the date upon which the loss was incurred – with one exception. Dow complains that Mee has not yet paid some of the invoices at issue, making an award of prejudgment interest improper as to those amounts. However, Mee has provided evidence that all the unpaid invoices have been accruing interest since April 1, 2004. (Doc. 199-3 at 2). As to the unpaid invoices, only, the Court finds that prejudgment interest should begin accruing on April 1, 2004 rather than the date when the invoice issued.

The final issues require less analysis. Mee argues that it ought to be awarded compound interest rather than simple interest. But Mee has not cited to any case in which a Florida court awarded compound interest, and the Court's research has not uncovered any. Dow argues that the

interest rate awarded should fluctuate in accord with the interest rate set by the Florida Department of Financial Services, which is recalculated every year; Mee contends that the interest rate in effect when the damage was suffered should be utilized for every year until judgment is entered. Dow's method is more complex but appears to more accurately reflect the lost time value of Mee's money. Moreover, there are at least some Florida cases that apply Dow's "fluctuating" rate to a prejudgment interest calculation. *See, e.g., Avatar Development Corp. v. DeAngelis*, 944 So. 2d 1107, 1108 (Fla. 4th DCA 2006) (noting that trial court applied six percent prejudgment interest rate to damages award for 2003 and seven percent rate for 2004). Finally, Mee seeks prejudgment interest on the $50,000 retainer it was required to provide to its counsel in April 2000. Given that the retainer could have earned interest while in the possession of Mee's counsel, and given that Mee's counsel would be obligated to apply that interest to Mee's bill (along with the retainer), the Court finds that an award of prejudgment interest on that sum would be duplicative. In addition, as Dow points out, allowing interest on the retainer would be inconsistent with the parties' stipulation as to the proper measure of damages, which did not include the retainer itself.

**III.   Conclusion**

The Court finds that Mee is entitled to prejudgment interest on the $2.85 million incurred in connection with the patent infringement suit, beginning with the date of the pertinent invoice or, for those invoices not yet paid, beginning on April 1, 2004. The interest shall be simple, not compound, and shall utilize the rate calculated by the Florida Department of Financial Services,

varying year by year as that rate varies.  Mee Industries shall calculate the amount due and file a spreadsheet showing these calculations on or before July 2, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 25, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party